

07/28/2017 THE DEBTOR IS ORDERED TO FILE A COPY OF ANY AGREEMENT BETWEEN THE DEBTOR AND PROPOSED SPECIAL COUNSEL AND TO SPECIFICALLY DISCLOSE THE PROPOSED ARRANGEMENT FOR COMPENSATION, AS REQUIRED BY FED. R. BANKR. P. 2014(a) WITHIN 7 DAYS.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br>Yellig, III, John A., and<br>Yellig, Patricia A.,<br>**Debtors** | Case No. 17-41278-EDK<br>Chapter 13 |

### Debtor's Application for Authority to Employ Alan D. Meyerson as Counsel

Pursuant to Section 327 of the Bankruptcy Code, Fed. R. Bankr. P. 2014, Debtor John A. Yellig, III ("Debtor") hereby requests the entry of an Order authorizing the Debtor to employ Attorney Alan D. Meyerson as his special counsel to pursue his employment law claims. [1]

In support of this Application, the Debtor respectfully states:

1. On July 13th, 2017, the Debtor filed a voluntary petition jointly with his wife pursuant to Chapter 13 of the Bankruptcy Code.

2. Debtor has a pre-petition employment law claim, arising out of, *inter alia*, violation of the Family and Medical Leave Act by his former employer, Veteran's Inc.

3. No pre-petition lawsuit was filed on behalf of debtor to pursue his employment law claim.

4. On July 22nd, 2017, debtor filed a complaint in this Court at adversary proceeding No. 17-04040, represented by William C. Parks, his bankruptcy counsel.

5. Although Mr. Parks filed the adversary complaint, the Debtor would be better served by allowing Mr. Meyerson's representation as co-counsel, due to Mr. Meyerson's greater expertise in federal employment litigation.

6. The Debtor seeks the entry of an Order authorizing the employment of Alan D. Meyerson as his special counsel, to represent him with respect to his employment claims, with such compensation and reimbursement of out-of-pocket expenses as this Court may allow.

7. The Debtor selected Alan D. Meyerson because of his experience in employment cases, and the Debtor believes that Alan D. Meyerson is well-qualified to represent him in this case.

8. The professional services that Alan D. Meyerson are to render to the Debtor in this case include the following:

---

[1] While a Chapter 13 debtor is not required to make this Application, neither is a Chapter 13 debtor forbidden from doing so. *Jackson v. Marlette (In re Jackson)*, 317 B.R. 573, 578 (Bankr. Mass., 2004) (Feeney, J.). Debtor would prefer an order of this Court for clarity, not necessity. For further discussion, see *In re Jones*, 505 B.R. 229 (Bankr. E.D. Wis., 2014).