## Contingency Fee Agreement

Date: August 2, 2017

I, <u>John A. Yellig</u>, (hereinafter "Client"), residing at <u>42 Tracey Drive, Whitinsville, MA 01588</u> hereby retain the Law Office of Alan David Meyerson of 100 State Street, Ninth Floor, Boston, MA 02109 ("Counsel") to perform the legal services specified in paragraph (1) below.  Counsel agrees to perform legal services faithfully and with due diligence.

**(1)    Claim/Representation/Matter.**  The filing of a claim by written demand, litigation in a trial court, or both, with reference to Client's allegations of:

<u>Wrongful Termination - Interference/Retaliation with FMLA Rights.</u>

[ x ] Other: **Potential** <u>Wage Act Claim (violation of G.L. c. 149, §§ 148-150).</u>

The anticipated or suspected Defendant(s) is/are: <u>Veterans Inc. and Vincent Perrone.</u>

The Representation shall **not** include:

- Any appeals from any order or other determination or finding of a trial court;
- Any proceedings related to the Defendant(s) filing for bankruptcy protection;
- Any other disputes between Client and the Defendant not explicitly set forth above; or
- Anything not specifically listed in this paragraph as being included within the scope of the Representation.

**(2)    Contingency and Compensation/Attorney's Fees.**  The contingency upon which Compensation is to be paid is the recovery of damages and/or other benefits or consideration for Client in connection with the above-described Claim or Matter.  **Such compensation is forty percent (40%) of the gross collected of any proceeds from the Claim described above or any settlement of the Claim**, including any multiple damages, but excluding any recovery of any attorney's fees.

Notwithstanding the foregoing, if any recovery of attorney's fees exceeds the amount to which Counsel would be entitled under this paragraph, Counsel shall be paid the amount of the attorney's fees so recovered instead of the amount set forth above.  For purposes of this paragraph, Client and Counsel agree that Counsel's hourly rate is $250.00 per hour for purposes of any petition or motion for attorney's fees.  Client and Counsel agree that the foregoing hourly rate reasonably reflects the attorney's fees Client would incur if Counsel were not handling the Matter on a contingency basis.

**(3)    Expenses.  Counsel shall advance on behalf of Client all out-of-pocket costs and expenses incurred in pursuing the Matter.  Client shall reimburse Counsel for all out-of-pocket expenses, including, but not limited to,** pre-litigation expenses, filing fees, expert witness fees, travel, research, and investigation expenses, court costs, arbitration or mediation costs, expenses of litigation, arbitration or mediation, telephone toll charges, photocopies requested by Client, pleadings, correspondence, court papers and work product material, and all other expenses associated with pursuing Client's claim(s) **only out of any recovery from the Claim described above or any settlement of the Claim**. **Client understands that costs are separate from Attorney's Fees and that liability for payment of costs exists separate and apart from liability for payment of Attorney's Fees. <u>In lieu of a 1/3 contingency fee in Paragraph (2) and in consideration of the 40% contingency set forth therein,</u>**

1

**Counsel and Client explicitly agree that Client shall not be obligated to reimburse Counsel for Expenses in the event that Counsel does not recover any monies for Client.**

    **(4)    Waiver of Attorney's Fees.**  Client agrees that Client will not enter, without the written consent of Counsel, into any settlement of Client's claims that requires Client to waive or compromise Client's claim for attorney's fees or that requires Client's claim for attorney's fees to be litigated separately from Client's claim for damages.

    **(5)    Payment of Referral Fee/Fee Sharing.**  Counsel may choose to pay a referral fee to the attorney that referred this matter to Counsel or engage in other fee sharing arrangements with (an)other attorney(s).  Such referrals fee(s) or shared fee(s), if paid, shall be paid by Counsel alone and Client shall not be liable for any portion thereof.  Client hereby expressly agrees that Counsel may pay a referral fee or engage in fee sharing as described herein.  Any referral fee(s) or shared fee(s) paid pursuant to this paragraph shall be paid to William C. Parks, Esq.

    **(6)    Settlement Proposals.**  At some point during the course of legal representation, the defendant(s) may offer a settlement that Counsel believes to be a just and reasonable resolution of Client's claim.  If Counsel recommends a proposal as just and reasonable, and Client refuses to accept such proposal, all further representation shall, at the sole discretion of Counsel, be on an hourly fee basis at Counsel's then currently hourly rate, with a retainer sufficient to cover the anticipated fees through trial.  Counsel's hourly rate is presently $250.00 per hour.

    **(7)    Fee Disputes.** If Client and Counsel are unable to resolve their differences on the question of any Attorney's Fee or Expense, they hereby agree to make a good faith effort at resolving their disputes.  If the dispute cannot be resolved through good faith negotiation, Client and Counsel agree to place the Fee Dispute before the Legal Fee Arbitration Board of the Massachusetts Bar Association and agree to be bound by the decision of the arbitrator(s).  Counsel shall be entitled to recover his costs and expenses, including reasonable attorneys' fees, incurred in connection with a Fee Dispute in which Counsel prevails.

    **(8)    Termination of Attorney-Client Relationship.** The attorney-client relationship contemplated by this Agreement shall terminate automatically without further action of Client or Counsel upon the occurrence of the Contingency and payment of Attorney's Fees set forth in Paragraph 2 above. Prior to the occurrence of the Contingency and payment of Attorney's Fees, the attorney-client relationship may be terminated by either party as follows:

Client may discharge Counsel from any further services at any time by giving written notice.

Counsel may discontinue representation of Client at any time if the attorney-client relationship deteriorates because of Client's lack of cooperation to the point where Counsel, in his sole discretion, determines that he can no longer adequately represent Client. Counsel may also discontinue the attorney-client relationship if Counsel determines, in Counsel's sole discretion, that it is infeasible to continue the Representation on account of the insufficiency of the case based upon facts discovered subsequent to the initiation of the attorney-client relationship or when termination of the attorney-client relationship becomes necessary on account of the Massachusetts Rules of Professional Conduct (SJC Rule 3:07) or other applicable law.

In the event that either Client or Counsel terminate the Representation, Client will be entitled to a copy of Client's file that is in the possession and control of Counsel but shall not be entitled to any work product therefrom. If the Attorney-Client relationship is terminated, for any reason, before the payment of Attorney's Fees and occurrence of the Contingency, Counsel may seek payment or compensation for the

services rendered and expenses advanced for the benefit of Client before the termination of the relationship.

Counsel's right to compensation as described above shall depend on the amount of work done before the termination of the Representation, the benefit derived by Client from the services rendered, and the timing and circumstances of the termination of the Representation. Counsel's right to compensation shall not exceed the lesser of (i) the fair value of the legal services rendered by Counsel, or (ii) the contingent fee to which Counsel would have been entitled upon the occurrence of the contingency, if applicable, to the Representation.  This paragraph does not give Counsel any rights to payment beyond those conferred by existing law.

**(9) Internet-Based Storage Providers.** Client acknowledges and understands that Counsel uses Internet-Based Storage Providers, such as Dropbox and Google Apps, for storing case and client information, including confidential client information. Client understands that he/she may instruct Counsel to refrain from storing Client's confidential information with an Internet-Based Storage Provider and that Counsel will abide by Client's request to refrain from doing so. Client hereby acknowledges that he/she has not made such a request of Counsel and Client hereby expressly agrees that Counsel may use an Internet-Based Storage Provider for storing Client's information, including case information and confidential client information.

**(10)    Appeals**.  Client acknowledges and understands that this Agreement does not cover Appeals and, in the event an Appeal is necessary or desirable to Client, Client may need to retain another attorney immediately to protect and preserve Client's rights.

**(11)    Prior Agreements/Modification**.  This Agreement encompasses the entire agreement between Counsel and Client and supersedes all previous understandings or agreements between Counsel and Client, whether written or oral.  This Agreement may only be modified or amended by a written instrument, signed by the parties hereto, expressly stating that the parties wish to be bound by the modified agreement in lieu of this Agreement.

**<u>PLEASE READ THE FOLLOWING IMPORTANT NOTICE</u>: This Agreement differs substantially from the Model Contingent Fee Agreements set forth in Rule 1.5 of the Massachusetts Rules of Professional Conduct.  This Agreement addresses matters, including those matters addressed in Paragraphs 4 - 11 herein, that are not addressed in the Model Agreements.  By signing this Agreement, Client accepts Counsel's use of this Agreement in lieu of the Model Agreements set forth in Rule 1.5. If Client has any questions or concerns about the contents of this Agreement, <u>Client is hereby urged to seek independent counsel to review this Agreement</u>.  Client may review the Model Contingent Fee Agreements set forth in Rule 1.5 at the following link:  <u>http://www.mass.gov/courts/case-legal-res/rules-of-court/sjc/sjc307-rule1-5.html</u> and <u>Client understands that Client has the right to ask Counsel to review, paragraph by paragraph, the differences between this Agreement and the Model Contingent Fee Agreements set forth in Rule 1.5</u>.  Client hereby acknowledges and agrees that Client has had the opportunity to compare this Agreement to the Model Contingent Fee Agreements set forth in Rule 1.5 and is satisfied with Counsel's use of this Agreement in lieu of the Model Agreements.**

**Client agrees that Counsel cannot promise and has/have not promised any specific result, judgment, verdict or compromise of any kind or any nature and that no representation pertaining thereto has been made.**

**This agreement and its performance are subject to Rule 3:07 of the Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court.  This is a legally binding contract.  If it is not understood, seek independent counsel.**

**We, Client and Counsel, have read the above fee agreement and understand its terms and have signed it as our free act and deed and acknowledge receipt of an executed copy of this agreement.**

_____  _____

Date   Client –

_____  _____

Date   Counsel –